UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
_Waco_ Division



PLAINTIFF, Bradrick J. Collins individually    §
§
§
§
§
v.    §
§
Baylor University    §
Robin K. Rogers    §
Helen Harris    §
§
§
§
§
§

CIVIL ACTION NUMBER:

W15CA112

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Bradrick J. Collins individually, files this Original Petition against Defendants

Baylor University, Robin K. Rogers, and Helen Harris and in support thereof would respectfully

show the court as follows:

### I.

### PARTIES

1.

Plaintiff Bradrick J. Collins, individually is a Texas resident, residing at 7200 S. R.L.

Thornton Freeway #7A Dallas, Texas 75235.

2.

Defendant, Baylor University, is a Texas non-profit corporation, and has its principle place of business at One Bear Place #97096, Pat Neff Hall Waco, Texas 76798-7096 and may be served with process by serving its registered agent for service: C.T. Corporation Systems 1999 Bryan Street, Suite 900 Dallas, Texas 75201.

3.

Defendant Robin K. Rogers resides at 539 N. 30th Street Waco, Texas 76707.

4.

Defendant Helen Elisabeth Wilson Harris resides at 827 Cattle Drive Crawford, Texas 76638.

II.

**JURISDICTION AND VENUE**

5.

This Court has jurisdiction pursuant to 28 U.S.C.  1331; 28 U.S.C. 1343; 28 U.S.C. 1983, Article 3 of The United States Constitution Section 2; The Civil Rights Act 1964 Title 7, 42 U.S.C. 1981, 14th Amendment to the United States Constitution and 28 U.S.C. 1343.

6.

Venue is proper in this District by operation of 28 U.S.C. § 1391. The United States District Court of the Western District of Texas is a judicial district where defendants resides, and all defendants resides within the State of Texas, and the Western District of Texas is where a substantial part of the events or omissions giving rise to the claim occurred.

III.

## STATEMENT OF FACTS

### 7.

Plaintiff was granted admission into the Baylor University School of Social Work and said admission was accepted when Baylor University School of Social Work sent Plaintiff an offer of admission dated December 19, 2012, in which Plaintiff did sign and return to Defendant with a signed letter of intent to enroll (Exhibit #1 and #2).

### 8.

The Associate Dean for Graduate Studies make decisions about acceptance of transfer of course credits. In an effort to avoid Plaintiff having to take 44 credit hours, Associate Dean Robin K. Rogers offered Plaintiff the option of taking 6 credit hours during the summer 2013 semester and 26 specified courses plus 3 hours electives during the fall 2013 – Spring 2014 semesters for a total of 35 credit hours. Such offer of transfer acceptance did not include a "candidacy period", nor was such period a necessary condition for granting Plaintiff transfer credits (Exhibit #1).

### 9.

Plaintiff avers that Associate Dean Robin K. Rogers changing Plaintiff application to the Advanced Standing Option resulted in breach of contract, in which plaintiff is entitled to damages and other remedies at law.

### 10.

Plaintiff alleges that the Graduate School letter of admission constitutes the University's only official notification of the admissions decisions and admission decisions are final and applicants are either accepted unconditionally, probationary, or denied. Plaintiff was accepted unconditionally, therefore, Associate Dean Robin K. Rogers acted outside his

---

authority by changing the admission committee decision resulting in breach of contract between Plaintiff and Defendant Baylor University (Exhibit #1).

11.

Plaintiff avers that when defendant Robin K. Rogers changed plaintiff admission option into Advanced Standing Program, defendant effectively took plaintiff out of admission status into that of a "candidacy for admissions" even after the decision to admit plaintiff unconditionally had been determined by the admission committee, resulting in breach of contract.

12.

By virtue of defendant Robin K. Rogers changing Plaintiff admission from unconditional enrollment to candidacy period after an admission decision was offered and accepted resulted in a breach of the original agreement (Exhibit #3).

13.

Plaintiff was denied admission into the Baylor University School of Social Work during the fall semester of 2013 as promised in the offer of admission, and plaintiff acceptance of said offer (Exhibit #3).

14.

Defendant was negligent in failing to notify Plaintiff of the adverse consequences of changing Plaintiff enrollment status from unconditional acceptance to that of a candidacy period. As a result of such negligence, Plaintiff has spent a considerable amount of money moving to Waco, Texas from Baton Rouge, Louisiana. Plaintiff wife resigned from her job in Louisiana to support Plaintiff educational goals, Plaintiff has paid

thousands for course work and course work related materials Plaintiff was not required to take or obtain as a condition of enrollment.

15.

The School of Social Work Catalog does not allow the Associate Dean to grant Advanced Standing with the requirement of preparatory classes to a prospective transfer student who has completed an entire first year of a Master's of Social Work program from an accredited University social work program. Associate Dean Robin K. Rogers informed Plaintiff that Plaintiff status would be changed to admit Plaintiff into the Advanced Standing program, but did not properly inform Plaintiff that Plaintiff would be subjected to 6 preparatory hours as a condition to admission (Exhibit #3).

16.

Defendant Robin Rogers committed fraud by non-disclosure when he failed to disclose to the Plaintiff that Plaintiff would be subjected to a "candidacy period" prior to actual enrollment into the Master of Social Work program and Plaintiff relied on such non disclosure when considering Baylor University as an institution in which Plaintiff could complete his Masters Degree in Social Work.

17.

Plaintiff alleges Defendants violated Plaintiff's Civil Rights by denying him enrollment into the School of Social Work after enrollment was granted. Thus enrollment was extended to other equally or less qualified applicants and not to Plaintiff (Exhibit #3).

18.

Although a private university, Baylor University is a not for profit organization receiving funding from the United States Federal Government, thus subject to federal regulation by

laws arising under the United States Constitution, specifically Title 34 Code of Federal Regulations.

19.

Plaintiff alleges that Defendants discriminated against Plaintiff by subjecting Plaintiff to admission requirements not applicable to other applicants. Specifically, Plaintiff whom has completed an entire year of an accredited Masters of Social Work program was required to complete 6 hours of preparatory course work prior to admission, when other applicants equal or less qualifications are not required to do so, nor does the Catalog for the Baylor University School of Social Work recommend such requirements (Exhibit #3)

20.

Plaintiff alleges that during summer term 2013 he was subjected to racial discrimination at the hands of Dr. Helen Harris in an academic setting.

21.

Plaintiff alleges that Dr. Helen Harris unfair grading, unfair treatment, and overall attitude toward Plaintiff was primarily racially motivated thus resulting in discrimination based on race.

22.

Plaintiff asked Dr. Helen Harris if she would change his grade if she found errors in which she did not give Plaintiff proper credit. Dr. Helen Harris stated she would not give Plaintiff credit if discovered she made grading errors because to give Plaintiff credit meant she would have to give everyone else credit. As a result of Dr. Helen Harris conduct, Plaintiff suffered severe emotional distress not limited to but including: loss of

sleep, loss of appetite, inability to concentrate during and after classes, loss of desire for

sexual intercourse, feelings of depression, and loss of social enjoyment.

23.

Plaintiff alleges that Dr. Helen Harris disclosure of her mother's membership in Adolph

Hitler's Nazi party, and stated that her mother was a good person, caused Plaintiff severe

emotional distress as stated in paragraph 22.

24.

Dr. Helen Harris told Plaintiff and other students that she (Dr. Helen Harris) was the

gatekeeper of the social work profession whom duties were to ensure that every student

not fit for social work practice does not graduate from the School of Social Work

program. This caused Plaintiff severe emotional distress as stated in paragraph 22.

25.

Dr. Helen Harris use of the word "Nigger" when referring to patients, involved no

academic purpose, and subject plaintiff to severe emotional distress.

26.

In what Plaintiff describes as the "Mother of all Commenting", Defendant Dr. Helen

Harris commented 80 times on a single assignment in which Plaintiff earned a grade of

73%. Such commenting was unfair, bias, atrocious, and caused Plaintiff severe emotional

distress as stated in paragraph 22.

27.

Dr. Robin K. Rogers failure to correct Plaintiff enrollment status to unconditional, thus

forcing Plaintiff to complete a candidacy period when such period was not applicable to

Plaintiff caused Plaintiff severe and emotional distress and monetary damages (Exhibit #3).

28.

Defendant Robin K. Rogers changed Plaintiff enrollment status from "Enrolled Student", to "Candidate for Admission", which effectively took plaintiff out of the Master of Social Work Program, as a result Plaintiff suffered damages by not being allowed to enroll into the Master of Social Work Program.

29.

Plaintiff did not receive an official notice of being admitted into the Advance Standing Program informing potential students of "candidacy period" nor did plaintiff apply to the Advance Standing Program Option.

30.

Defendant Robin K. Rogers referred Plaintiff to the law office of Kara Pratt in Hillsboro, Texas to aid Kara Pratt in a child custody matter. Kara Pratt specifically requested a student with both a legal and social work background. While assisting Kara Pratt, Plaintiff was introduced to several distinguished persons including; Judges, Lawyers, Chief of Police, and a Child Protective Service Agent. Plaintiff was considering Hillsboro, Texas as a new home considering the invitations from the aforementioned person requesting that Plaintiff and Plaintiff wife due to their professional careers make Hillsboro, Texas their home and establish careers in Hillsboro, Texas. Since Plaintiff have been academically dismissed, Plaintiff could not continue assisting clients under the auspices of Baylor School of Social Work, therefore, Plaintiff has suffered injuries related to but not limited to; professional competence, intellectually competence, loss of

future employment, loss of opportunities, loss of professional relationship, and Plaintiff

overall professionalism has been compromised.

31.

Defendant reported to the Texas Board of Law Examiners on April 22, 2014 in a letter

signed by Associate Dean Bethany Mccraw, stating that plaintiff has been disciplined for

violating Baylor University Honor/Ethics code, when in fact, plaintiff has never been

disciplined by Baylor University concerning any matter (Exhibit #4).

V.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Bradrick J. Collins respectfully

prays that Defendants Baylor University, Associate Dean Robin K. Rogers, Assistant Professor

Helen Harris be cited to appear herein and, upon the trial hereof, that Plaintiff be awarded a

judgment for $100 million dollars, actual damages, attorney fees, exemplary damages, punitive

damages, pre and post judgment interest against Defendants as allowed by law, all cost of the

court, as well as any and all other relief, both general and special, at law or in equity to which

Plaintiff may show himself to be justly entitled.

Respectfully submitted,

Bradrick J. Collins
P.O. Box 225071
Dallas, Texas 75225
Phone: (469) 865 - 3290

# EXHIBIT          1

Exhibit 1: Admission Letter



# BAYLOR
## U N I V E R S I T Y

December 19, 2012

Bradrick Collins
P.O. Box 54440
Baton Rouge, LA 701892

Dear Mr. Collins:

The Admissions Committee of the Master in Social Work program reviewed your application and has recommended you for admission into the Standard Master of Social Work program of the School of Social Work for the fall 2013 semester *pending receipt of your final transcript showing degree completion before the start of the MSW classes.*

The offer of admission reflects the Committee's confidence in you as a student who is well suited to the opportunities at Baylor. Your application, undergraduate coursework, and letters of recommendation indicate that you are a person who values learning and difference-making in the lives of persons, families, and communities. For all of these reasons, we look forward to your enrollment in our MSW program.

As you consider this offer for admission into the Baylor MSW program, I wanted you to be aware that many positions in social work require that you receive certification or licensure as a professional social worker. In fact, social work is a protected title in a number of states and licensure is required in order to call oneself a social worker. In addition to having an MSW from an accredited program, many states including Texas require that you pass an examination in order to earn a certificate or a license. I also wanted you to be aware that you may be required to submit to a criminal background check or substance use screens in order to secure some internships as well as in future employment settings.

A letter concerning your financial aid from the School of Social Work is enclosed. Do check with the financial aid office (254-710-2611 or email: Financial_Aid@baylor.edu) for information about other sources of financial aid.

We have enclosed a form for you to indicate your intent to enroll. We will need this form and a deposit of $300 in order to reserve your placement in the class of 2013-14. The deposit will be applied toward your tuition. Please return it to the Admissions Coordinator within three weeks time of receiving this letter. You may choose to either mail this letter with a check for $300 enclosed to the address provided below, or you may go to www.baylor.edu/social_work/deposit to fill out this form electronically and pay by credit card. **Your Baylor ID number is 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.**

EXHIBIT          2

## Baylor University Master of Social Work Statement of Intent

**Instructions:** You must return this statement of intent <u>within three weeks</u> of receiving your official letter of acceptance. <u>A deposit of $300 is due with your returned statement of intent.</u> This deposit will be applied toward your tuition cost. You may choose to either mail this letter with a check for $300 enclosed to the address provided below, or you may go to <u>www.baylor.edu/social_work/deposit</u> to fill out this form electronically and pay by credit card.

In order to prepare for the incoming class, we need to know your intention of attending the Master of Social Work program at Baylor University.  Please write your name on the line indicating your intention.

## I PLAN TO ATTEND THE BAYLOR UNIVERSITY:

*Bradrick Collins*      *1/2/2013*

      Print or type your name                 Date

*Please indicate which program you plan to attend:*

- ✓ Standard MSW two year program in the fall of _____.
- _____ Advanced Standing MSW one year program in the summer of _____.
- _____ Advanced Standing MSW on year program in the fall of _____.
- _____ MSW/M.Div four year program. I plan to start the MSW portion of the program in the fall of _____.
    - _____ I have been accepted into Truett's MDV program
    - _____ I have not yet been accepted into Truett's MDV program
- _____ Advanced Standing/M.Div three year program. I plan to start the MSW portion of the program in the summer of _____.
    - _____ I have been accepted into Truett's MDV program
    - _____ I have not yet been accepted into Truett's MDV program
- _____ Advanced Standing/M.Div three year program. I plan to start the MSW portion of the program in the fall of _____.
    - _____ I have been accepted into Truett's MDV program
    - _____ I have not yet been accepted into Truett's MDV program
- _____ MSW/MTS four year program. I plan to start the MSW portion of the program in the fall of_____.
    - _____ I have been accepted into Truett's MTS program
    - _____ I have not yet been accepted into Truett's MTS program
- _____ Advanced Standing/MTS three year program. I plan to start the MSW portion of the program in the summer of _____.
    - _____ I have been accepted into Truett's MTS program
    - _____ I have not yet been accepted into Truett's MTS program
- _____ Advanced Standing/MTS three year program. I plan to start the MSW portion of the program in the fall of _____.
    - _____ I have been accepted into Truett's MTS program
    - _____ I have not yet been accepted into Truett's MTS program
- _____ MSW/MBA three year program. I plan to start the MSW portion of the program in the fall of_____.
    - _____ I have been accepted into Hankamer's MBA program
    - _____ I have not yet been accepted into Hankamer's MBA program
- _____ Advanced Standing/MBA two year program. I plan to start the MSW portion of the program in the summer of _____.
    - _____ I have been accepted into Hankamer's MBA program
    - _____ I have not yet been accepted into Hankamer's MBA program
- _____ Advanced Standing/MBA two year program. I plan to start the MSW portion of the program in the fall of _____.
    - _____ I have been accepted into Hankamer's MBA program
    - _____ I have not yet been accepted into Hankamer's MBA program

It would be helpful to have comments regarding your timing of entering our program:___ _____

## I plan to attend the program:

- ✓ Full time _____ Part-time

## I DO NOT PLAN TO ATTEND THE BAYLOR UNIVERSITY MSW PROGRAM.

_____      _____

      Print or type your name                Date

*Please indicate your reason for not attending below:*

- ☐ Not attending graduate school at this time
- ☐ Attending another MSW program
- ☐ Insufficient financial assistance from Baylor School of Social Work
    - If additional financial aid was available to me, I would attend. ☐Yes☐ No
- ☐ Other: _____

Please provide comments regarding your decision to decline our offer of admission:_____

**If you would like to defer your admission for one year, please email your request to <u>MSW_Admissions@baylor.edu</u> .**

## *Please return this form <u>within three weeks time</u> to the Admissions Coordinator.*

| | |
|---|---|
| MSW Admissions Coordinator | Phone: (254)710-7853 |
| School of Social Work | Fax: (254) 710-6455 |
| One Bear Place #97320 | Email: MSW_Admissions@baylor.edu |

**EXHIBIT       3**



# BAYLOR
U N I V E R S I T Y

August 21, 2013

Mr. Bradrick Collins
4825 Thames Drive
Grand Prairie, TX 75052-8399

Dear Mr. Collins,

On August 15, 2013, the MSW Admissions Committee voted not to admit you to the MSW Advanced Standing program due to your grades of B- and F in the two summer Advanced Standing courses. Although the decisions of the MSW Admissions Committee are final (School of Social Work Catalog, p. 49, http://www.baylor.edu/content/services/document.php/177077.pdf), I agreed to receive your request for a reversal of that decision. Having carefully considered your letter and accompanying documents, I have not identified grounds for requesting that the committee reverse its decision.

I appreciate the sacrifice you and your wife have made for you to continue your education at Baylor and your fervent desire to be of service to serve others in Waco and beyond. It is my heartfelt wish that you find an alternate yet meaningful pathway to fulfilling your calling to service.

Sincerely,

Robin K. Rogers
Associate Dean for Graduate Studies



EXHIBIT      4

# Board of Law Examiners
### Appointed by the Supreme Court of Texas
P.O. Box 13486 * Austin, Texas 78711-3486
### College Form

```
| | | | | | | | | |
* L E T   9 7 5 0 6 6 *
```

**RECEIVED**
APR 1 4 2014
**JUDICIAL AFFAIRS**

April 09, 2014

BAYLOR UNIVERSITY
BETHANY MCCRAW, OFFICE OF JUDICIAL AFFAIRS
P O BOX 97073
WACO TX 76798-7073

RE:     Bradrick Gerimaine Collins

SSN:    xxx-xx-8350     DOB:    06/11/74

DATE(S):   MSW 07/14 to 08/14

---

> ### PLEASE FAX YOUR RESPONSE TO (512)475-0637. DO NOT INCLUDE COVER SHEET OR COPY OF AUTHORIZATION.

The individual named above has begun the application process for admission to the Bar of Texas and has stated that (s)he attended your institution during the dates shown above. One requirement for admission to the Texas Bar is a finding of good moral character and fitness. Please assist us in our character and fitness investigation of this individual by responding to the following inquiries.

|   |   | YES | NO |
|---|---|---|---|
| 1. | Are you aware of any incident in which the individual named above violated any law or statute? | | ✓ |
| 2. | Has (s)he been disciplined by your institution for violating any disciplinary/honor/ethics code? If so, please provide details, legible copies of all relevant documents, and a copy of the violated disciplinary/honor/ethics code for each incident. | ✓ | |
| 3. | Are you aware of any incident or circumstance wherein (s)he exhibited dishonesty or breached a duty of trust? | ✓ | |
| 4. | Do you have any reason to believe that (s)he has been involved in the use of illegal substances or the abuse or excessive use of alcohol? | | ✓ |

5. Using a separate sheet of paper, please explain any "YES" responses and comment on anything in this individual's background that would cause you to question his/her honesty or trustworthiness or to believe that this individual would be likely to harm a client if licensed to practice law in Texas.

**Information provided by:**

Printed Name: Bethany J McCraw
Associate Dean for
Student Conduct Administration
Baylor University
One Bear Place #97073
Waco, TX 76798-7073
254-710-1715

Signature: _Bethany J McCraw_

Title: _____

Telephone: _____   Date: 4/22/14

## Please mail response ONLY if it is not sent by fax.

Direct questions to: Julie Brown, Licensure Analyst, 512-463-5697

**W15CA112**

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Bradrick J. Collins | Baylor University, Robin k. Rogers + Helen Harris |
| **(b)** County of Residence of First Listed Plaintiff **Dallas** *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant **McLennan** *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❑ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ❑ 2 U.S. Government Defendant
- ❑ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane / ❑ 365 Personal Injury - | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability / Product Liability |  |  | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | Liability / ❑ 367 Health Care/ |  | **PROPERTY RIGHTS** | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | ❑ 820 Copyrights | ❑ 450 Commerce |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers' / Product Liability | | ❑ 830 Patent | ❑ 460 Deportation |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ❑ 368 Asbestos Personal Injury Product | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| | ❑ 340 Marine / Liability | | **LABOR** | ❑ 480 Consumer Credit |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** / ❑ 490 Cable/Sat TV |
| ☒ 160 Stockholders' Suits | ❑ 350 Motor Vehicle / ❑ 370 Other Fraud | | ❑ 861 HIA (1395ff) | ❑ 850 Securities/Commodities/ |
| ☒ 190 Contract | ❑ 355 Motor Vehicle Product Liability / ❑ 371 Truth in Lending | | ❑ 720 Labor/Management Relations / ❑ 862 Black Lung (923) | Exchange |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal / ❑ 380 Other Personal | | ❑ 740 Railway Labor Act / ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | Injury / Property Damage | | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | ❑ 362 Personal Injury - / ❑ 385 Property Damage | | ❑ 751 Family and Medical Leave Act / ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| | Medical Malpractice / Product Liability | | ❑ 790 Other Labor Litigation | ❑ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ❑ 791 Employee Retirement Income Security Act | ❑ 896 Arbitration |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights / **Habeas Corpus:** | | | ❑ 899 Administrative Procedure Act/Review or Appeal of |
| ❑ 220 Foreclosure | ❑ 441 Voting / ❑ 463 Alien Detainee | | **FEDERAL TAX SUITS** | Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment / ❑ 510 Motions to Vacate Sentence | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 950 Constitutionality of State Statutes |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations / ❑ 530 General | | ❑ 871 IRS—Third Party 26 USC 7609 | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment / ❑ 535 Death Penalty | | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other / **Other:** | | **IMMIGRATION** | |
| | ☒ 448 Education / ❑ 540 Mandamus & Other | | ❑ 462 Naturalization Application | |
| | / ❑ 550 Civil Rights | | ❑ 465 Other Immigration Actions | |
| | / ❑ 555 Prison Condition | | | |
| | / ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❑ 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from Another District *(specify)*
- ❑ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil Rights Act Title 7; 42 USC 1981; 28 USC 1343

Brief description of cause:
Discrimination and Breach of Contract

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

4-10-15

SIGNATURE OF ATTORNEY OF RECORD
Bradrick J. Collins (Pro Se)

FOR OFFICE USE ONLY

INTAKE COPY

# FILING FEE RECEIPT COPY

DUPLICATE

Court Name: TEXAS WESTERN
Division: 6
Receipt Number: 600016415
Cashier ID: mcopp
Transaction Date: 04/10/2015
Payer Name: BRADRICK J COLLINS
------------------------------------
CIVIL FILING FEE
 For: BRADRICK J COLLINS
 Amount:        $400.00
------------------------------------
PAPER CHECK
 Check/Money Order Num: 21990347728
 Amt Tendered:  $400.00
------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00

CIVIL FILING FEE FOR
D-TXW-6-15-CV-112; MONEY ORDER PAID
BY BRADRICK COLLINS