IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRADRICK J. COLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 6:15-CV-112 RP |
| | § | |
| BAYLOR UNIVERSITY, | § | |
| DR. ROBIN K. ROGERS, and | § | |
| DR. HELEN HARRIS, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are various motions filed after the entry of final judgment in this case:

- Plaintiff's Motion for Reconsideration of the Order Granting All Defendants' Motion for Summary Judgment (Dkt. 170);
- Plaintiff's Motion for Reconsideration of the Order Denying Plaintiff's Motion for Preliminary Injunction (Dkt. 171), and what appears to be a corrected version of that Motion (Dkt. 172);
- Plaintiff's Second Motion for Reconsideration of the Magistrate's Order Regarding Defendant's Summary Judgment Evidence (Dkt. 173);
- Defendants' Motion for Attorney's Fees (Dkt. 174);
- Plaintiff's Second Motion to Dismiss Defendants' Claims for Attorneys' Fees (Dkt. 175);
- Plaintiff's Motion to Strike Defendants' Response to Plaintiff's Motions for Reconsideration (Dkt. 177);
- Plaintiff's Second Motion Requesting an Emergency Hearing on his Motion for Summary Judgment and Preliminary Injunction (Dkt. 181);
- Plaintiff's Motion Requesting Recusal of U.S. Judge Robert Pitman (Dkt. 183).

After reviewing each of these motions, their respective responses and replies, the relevant case law, and the record in this case, the Court issues the following order.

### I. BACKGROUND

Plaintiff Bradrick Collins brought this suit against Defendants Baylor University, Dr. Robin K. Rogers, and Dr. Helen Harris on April 10, 2015 alleging that he was the victim of racial

1

discrimination when he was excluded from participation in the Master of Social Work Program at Baylor University. Plaintiff also claims he was subject to a racially hostile learning environment. He sued under Title VI of the Civil Rights Act of 1964, Title VII, Title IX, 42 U.S.C. § 1981, and the Fourteenth Amendment Due Process Clause, and also asserted various state law claims, including breach of contract, based on Baylor's alleged alteration of his enrollment status without his notification or consent.

This case was initially assigned to District Judge Walter Smith, who referred the case to Magistrate Judge Jeffrey Manske. (Dkt. 5). On May 13, 2016, Judge Manske submitted a forty-two page Report and Recommendation that recommended Defendants' Motions for Summary Judgment be granted, and all remaining motions be denied as moot. (Dkt. 113). After the retirement of Judge Smith, this case was reassigned to the undersigned, who, after consideration of the objections and issues raised by Plaintiff, accepted and adopted the Report and Recommendation of Judge Manske on September 30, 2016. (Dkt. 168). Final judgment dismissing with prejudice all of Plaintiffs claims was entered the same day. (Dkt. 169).

The Court begins by addressing Plaintiff's motion for recusal.

## II. MOTION FOR RECUSAL

Plaintiff moves for the recusal of the undersigned because of a personal bias or prejudice against him pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455. Specifically, Plaintiff alleges that the undersigned is biased due to a failure to competently and diligently adjudicate the present action, because of past employment at Fulbright & Jaworski (now Norton Rose Fulbright), because Defendants were able to avoid liability because of mere mistakes in Plaintiff's filings, because of a failure to report the misconduct of Defendants' attorneys and Magistrate Judge Manske, and because of an inherent bias against people of color and other minorities. As Plaintiff acknowledges in his

motion, this is the third motion for recusal he has filed in this action, having previously moved to recuse both Magistrate Judge Manske and District Judge Smith.

Under 28 U.S.C. § 144, if "a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "When a motion is filed under Section 144, the district court must pass on the legal sufficiency of the affidavit without passing on the truth of the matter asserted." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 315 (5th Cir. 2012) (internal quotation marks omitted). "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003).

Under 28 U.S.C. § 455, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. "Motions brought under § 144 and 28 U.S.C. § 455 are substantively similar and both require recusal only for 'personal, extrajudicial bias.'" *United States v. Gonzalez*, 348 F. App'x 4, 6 (5th Cir. 2009) (quoting *United States v. MMR Corp.*, 954 F.2d 1040, 1045–46 (5th Cir.1992)).

Plaintiff signed his motion for recusal under penalty of perjury, such that it serves as his required affidavit pursuant to 28 U.S.C. § 144. Plaintiff argues that the undersigned is biased against him in five ways. First, he argues that the undersigned has failed to impartially and competently perform judicial duties. His sole basis for this argument is that the Court indicated in a prior ruling that it had difficulty "decipher[ing]" Plaintiff's arguments, but "has demonstrated the ability to decipher and perform the proper analysis when deciding other cases." (Mot. for Recusal at 3, Dkt. 183). These facts would not convince a reasonable person that bias exists, nor do they suggest an

extrajudicial or personal bias. *Cf. United States v. Saeid*, 56 F.3d 1386, 1995 WL 337932 at *1 (5th Cir. 1995) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenged." (quoting *Liteky v. United States*, 114 S.Ct. 1147, 1157 (1994))).

Second, Plaintiff argues the Court is biased against him because of past employment at the law firm of Fulbright & Jaworski in the summer of 1987, and from 1989 to 1990. Plaintiff argues that bias exists because one of Defendants' attorneys is a "Jaworski Fellow" at Baylor University, and because Baylor University, a defendant in this case, has received substantial financial support from Fulbright & Jaworski. Again, this argument has no merit. The undersigned's employment with Fulbright & Jaworski ended more than twenty-five years ago, and the firm is now known by a different name, Norton Rose Fulbright. That this firm has a tenuous connection to Defendants would not convince a reasonable person that bias existed. *See Patterson*, 335 F.3d at 484 (rejecting allegation of bias where judge had previously represented one of the defendants in an unrelated suit and where judge's former firm had previously represented another of the defendants in a related suit).[1]

Third, Plaintiff argues that the Court failed to administer justice because of minor errors in Plaintiff's briefing, demonstrating bias. Again, the facts alleged would not convince a reasonable person that bias exists, nor do they suggest an extrajudicial or personal bias. *See Saeid*, 56 F.3d 1386, 1995 WL 337932, at *2 ("[A]dverse rulings . . . without more, [are] insufficient to support recusal.").

---

[1] The Court also notes that to the extent that Plaintiff seeks recusal based on the undersigned's time spent at Fulbright & Jaworski, his motion is untimely. The facts underlying Plaintiff's argument are publically available. Further, Plaintiff contacted the Court's chambers to inform the Court that he might be filing a motion for recusal based on the Court's connections to Fulbright & Jaworski soon after the case was reassigned. "The general rule on timeliness requires that 'one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.'" *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998). The Fifth Circuit has "rejected recusal challenges on appeal when the challenger waited to see if he liked an outcome before springing the recusal issue." *See id*. Here, it appears that Plaintiff waited to see if he liked the outcome of forthcoming rulings, and only filed a motion to recuse when he did not. Thus, to the extent Plaintiff seeks recusal based on the undersigned's previous employment at Fulbright & Jaworski, his motion is both legally insufficient and untimely.

Fourth, Plaintiff argues that the Court failed to take appropriate action when Judge Manske and Defendants misrepresented their past relationship. Plaintiff references other filings which suggest that Defendants and Judge Manske at one time indicated that Judge Manske's volunteer role at Defendant Baylor University's law school ended in 2010, when in fact, Plaintiff suggests it did not end until 2014. Once again, the Court finds that no reasonable person would conclude that these facts would indicate an extrajudicial bias of the undersigned.

Fifth and finally, Plaintiff argues that the undersigned has a personal bias against people of color and other minorities. The only fact he alleges in support of this argument is that the Court "ignore[d]" his arguments regarding the Magistrate's conclusions regarding whether a racially hostile learning environment existed. This fact would not convince a reasonable person that bias exists, nor do they suggest an extrajudicial or personal bias. *See Saeid*, 56 F.3d 1386, 1995 WL 337932, at *2.

Having considered and rejected each argument Plaintiff advances in support of his motion for recusal, the Court denies the motion, and now turns to Plaintiff's various motions for reconsideration and his second motion requesting an emergency hearing.

### III. MOTIONS FOR RECONSIDERATION

Before the Court are Plaintiff's three motions seeking that the Court alter or amend its previously entered judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[2] (Dkts. 170, 172, 173). A motion to alter or amend the judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Plaintiff's motions do not meet that standard. *See, e.g.*, *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991) (declining to reverse district court on grounds that it failed to apply the correct legal standard when it stated that it performed de novo review of

---

[2] Although Plaintiff also invokes Federal Rules of Civil Procedure 52(b), 54(a), and 60(b), Rule 52 and 54 are not relevant to the standard for amending or altering a previously entered judgment, and Plaintiff has not asserted why he believes is entitled to relief under Rule 60(b).

5

magistrate's report and recommendation). Further, the Court denies Plaintiff's motion to strike Defendants response to his motions for reconsideration pursuant to Local Rule CV-7(e)(1).

The Court also denies Plaintiff's renewed motion requesting a hearing on his motion for a preliminary injunction. The Court has already denied Plaintiff's motion for a preliminary injunction, granted Defendants' motion for summary judgment, and entered final judgment. This motion is untimely and Plaintiff cannot show a likelihood of success on the merits.

Having denied Plaintiff's motions for reconsideration and an emergency hearing, the Court now turns to Defendants' motion for attorneys' fees and Plaintiff's motion to dismiss Defendants' motion for attorneys' fees.

## IV. MOTION FOR ATTORNEYS' FEES

After the entry of final judgment in this case, Defendants moved for the award of $45,000 in attorneys' fees. Defendants supply two bases for their motion.[3] First, Defendants argue they are entitled to attorneys' fees based on Plaintiff's civil rights claims. Under 42 U.S.C. § 1988(b), "the court, in in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988; *see also id.* § 2000e-5(k). However, § 1988 only "authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Fox v. Vice*, 563 U.S. 826, 832 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)); s*ee also Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) ("Thus, attorney's fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit."). Where a plaintiff's action includes both frivolous and non-frivolous claims:

---

[3] As an initial matter, Defendants have not segregated their fees whatsoever, even though their two grounds for attorneys' fees do not cover all of Plaintiff's claims. In addition, Defendants do not provide the Court enough information—such as redacted invoices—to allow the Court to distinguish time spent working on various claims. While the Court acknowledges that this may have been a strategic decision made by Defendants in order to limit additional time spent on this case, it would be difficult for the Court to conclude they have met their burden with respect to attorneys' fees on any particular claim based on the documentation provided.

> [A] defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all. Consistent with the policy underlying § 1988, the defendant may not receive compensation for any fees that he would have paid in the absence of the frivolous claims.

*Id.* at 840–41 (reversing and remanding case to district court where the court "failed to take proper account of this overlap between the frivolous and non-frivolous claims"). District courts are to be granted "substantial deference" to make determinations regarding what fees would have been avoided but-for a plaintiff's frivolous claims, "tak[ing] into account the overall sense of a suit." *Id.* at 838.

Although Defendants are the prevailing party in this action, they have made no showing within their motion for attorneys' fees that any of Plaintiff's civil rights claims were frivolous, nor have they attempted to distinguish their time spent addressing non-frivolous civil rights claims with time spent addressing claims that are arguably frivolous.[4] Further, the Court finds that the civil rights claim that by far received the most attention from the parties and the court in this action, Plaintiff's Title VI claim, was non-frivolous. Thus, the Court denies Defendants' motion for attorneys' fees to the extent it is premised on Plaintiff's civil rights claims.

Second, Defendants argue that they are entitled to attorney's fees for Plaintiff's breach of contract claim as the "prevailing party" under Texas law. (Mot. for Attys. Fees at 3, Dkt. 174). But "[g]enerally under Texas law, attorney's fees and litigation expenses may not be recovered unless provided for by statute or by contract between the parties." *Great Am. Ins. Co. v. AFS/IBEX Fin. Servs., Inc.*, 612 F.3d 800, 807 (5th Cir. 2010). Both cases cited by Defendants in support of this argument involve a contract that provided for the award of attorney's fees to the "prevailing party." *See Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011) ("[W]e must determine if the contract between the [parties] authorized the trial court's award of fees in this case to the [petitioners] because they

---

[4] Notably, Defendants fail to even mention that a difference exists in the standard for awarding prevailing party fees to defendants and plaintiffs in civil rights actions, and cite to cases describing the standard for a prevailing plaintiff in arguing that they are entitled to fees. The Court presumes that this failure was unintentional.

7

'prevailed.'"); *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009) (addressing "a contract [that] mandates attorney's fees to a 'prevailing party'"). As no similar contractual provision exists here, these cases are generally inapplicable.

By statute, however, Texas provides for attorneys' fee awards in breach of contract cases. *See* Tex. Civ. Prac. & Rem. Code. § 38.001(8).[5] Specifically, the statute provides that "[a] person may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." *Id.* Thus, "[t]o recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

Here, Defendants did not bring a successful claim for breach of contract and have not recovered damages. The Court therefore denies Defendant's motion to the extent it is based on Plaintiff's breach of contract claim. As the Court has concluded that Defendants' have failed to demonstrate they are entitled to attorneys' fees on either ground argued in their motion, the Court denies Defendants' motion for attorneys' fees.

## V. OTHER RELIEF

Filing multiple motions on the same topic is an abusive litigation practice and a waste of scarce judicial resources. Plaintiff has done this repeatedly throughout the pendency of this litigation. For example, after the entry of final judgment Plaintiff filed three motions for reconsideration of the same order (and an additional motion that was later corrected) in the span of four days (*See* Dkts. 170–173). Accordingly, Plaintiff is barred from filing anything further in this case with the exception of a notice of appeal.

---

[5] Again, Defendants failed to mention the relevant standard for awarding attorney's fees in a breach of contract claim.

## VI. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Recuse District Judge Robert Pitman (Dkt. 183) is **DENIED**.

It is further **ORDERED** that Plaintiff's Motions for Reconsideration (Dkts. 170–173), and Plaintiff's Second Motion Requesting an Emergency Hearing (Dkt. 181) are **DENIED**. Further, Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Motions for Reconsideration (Dkt. 177) is **DENIED**.

It is additionally **ORDERED** that Defendants' Motion for Attorney's Fees (Dkt. 174) is **DENIED**. Further, Plaintiff's Motion to Dismiss Defendants' Motion for Attorney's Fees (Dkt. 175) is **DISMISSED**.

Finally, it is **ORDERED** that Plaintiff is barred from filing anything further in this case with the exception of a notice of appeal.

**SIGNED** on December 21, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE